**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLEAR BLUE SPECIALTY INSURANCE COMPANY,** | ) | |
| *Plaintiff,* | ) | Civil Action No. ________ |
| *v.* | ) | |
| **CECILIAN PARTNERS, INC. and JOHN D. CECILIAN, JR.,** | ) | |
| *Defendants.* | ) | |

# COMPLAINT FOR DECLARATORY JUDGMENT

## NATURE OF THE ACTION

1. Plaintiff Clear Blue Specialty Insurance Company ("Clear Blue") brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202 against Defendants Cecilian Partners, Inc. ("Cecilian") and John D. Cecilian, Jr. ("John Cecilian") (collectively, "Defendants") to resolve an actual controversy regarding the rights and obligations of Clear Blue under two claims-made-and-reported management liability insurance policies.

2. Clear Blue issued to Cecilian Policy No. AX01-5472-01, with a Policy Period of September 27, 2022 to September 27, 2023 (the "2022-2023 Policy"), and Policy No. AX01-5472-02, with a Policy Period of October 27, 2023 to October 27, 2024 (the "2023-2024 Policy") (the 2022-2023 Policy and the 2023-2024 Policy are collectively referred to as, the "Policies"). Both Policies are claims-made-and-reported policies that require, as a condition precedent to coverage, that an insured report any Claim to Clear Blue as soon as practicable, but in no event later than ninety (90) days after the expiration of the applicable Policy Period.

3. A Claim, as defined in the Policies, was first made against Defendants on September 11, 2023, when investors in Cecilian sent a comprehensive written demand to Cecilian's counsel. That Claim was made during the Policy Period of the 2022-2023 Policy, and before the inception of the 2023-2024 Policy. Defendants did not report the Claim to Clear Blue until November 20, 2025, more than two years after the Claim was first made and approximately twenty-three months after the ninety-day reporting deadline expired.

4. Because Defendants failed to satisfy the claims-made-and-reported conditions precedent under either Policy, no coverage is available. Defendants nevertheless demand that Clear Blue reimburse $505,104.82 in defense costs, and they threaten claims for breach of contract, bad faith, consequential damages, interest, and attorney's fees.

5. Clear Blue files this action and seeks declarations from this Court that: (a) no coverage is available under the 2022-2023 Policy because the Claim was not reported within ninety days of the expiration of the Policy Period; (b) no coverage is available under the 2022-2023 Policy because the Claim was first made prior to its inception; and (c) Clear Blue has no obligation to pay defense costs or any other amounts demanded. Clear Blue also reserves its rights to assert other defenses, exclusions, and policy terms not previously raised.

**PARTIES**

6. Plaintiff Clear Blue Specialty Insurance Company is an insurance company, a corporation organized under the laws of the State of Texas, with its principal place of business in Dallas, Texas. Clear Blue is a citizen of Texas for purposes of diversity jurisdiction.

7. Defendant Cecilian Partners, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 30 W Bridge Street, Suite 5, New Hope,

Pennsylvania 18938 (Bucks County). Cecilian is the Named Insured under both Policies. Cecilian is a citizen of both Delaware and Pennsylvania for purposes of diversity jurisdiction.

8. Defendant John D. Cecilian, Jr. is an individual who, upon information and belief, resides in and is domiciled in Bucks County, Pennsylvania. John Cecilian is the founder of Cecilian's predecessor entity, and at all relevant times served as the Chief Executive Officer and a member of the Board of Directors of Cecilian. John Cecilian is a "Team Member" and "Executive" within the meaning of the Policies, and therefore an insured person thereunder. John Cecilian is domiciled in, and is a citizen of, Pennsylvania for purposes of diversity jurisdiction.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Clear Blue is a citizen of Texas. Cecilian is a citizen of Delaware and Pennsylvania. John Cecilian is a citizen of Pennsylvania. No Defendant shares citizenship with Clear Blue.

10. The amount in controversy exceeds the jurisdictional threshold. Defendants demand reimbursement of $505,104.82 in defense costs and threaten additional claims for bad faith, consequential damages, attorney's fees, and interest, in the aggregate well in excess of $75,000.

11. This Court has authority to enter declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. An actual, justiciable controversy exists between the parties regarding Clear Blue's coverage obligations under the Policies.

12. Venue is proper in this District under 28 U.S.C. § 1391(b). Defendants reside in Bucks County, Pennsylvania, which is within the Eastern District of Pennsylvania. A substantial

part of the events giving rise to this action occurred in the Eastern District of Pennsylvania, including the execution, delivery, and performance of the Policies and the events underlying Defendants' demand for coverage.

13. The Policies contain a Service of Suit endorsement through which Clear Blue has consented to suit in "any Court of competent jurisdiction within the United States" and has designated CT Corporation System, 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101, as its agent for service of process.

14. Section XXII.D of the General Terms and Conditions of the Policies provides that "[a]ny disputes involving this Policy shall be resolved by applying the law of the state or jurisdiction indicated in the Declarations as the principal address of the Named Insured." The Named Insured's principal address is New Hope, Pennsylvania. Accordingly, Pennsylvania law governs this action.

## FACTUAL ALLEGATIONS

### A. The Parties' Relationship and the Underlying Dispute

15. Cecilian Partners, LLC was founded in 2019 by John Cecilian, who served as its sole manager. In late 2019, Company Fifteen LLC ("Company Fifteen"), an entity managed by Dr. J. Elliott Decker ("Dr. Decker"), and Daniel Webster ("Webster") made seed investments in Cecilian Partners, LLC and acquired Class C Preferred Units. In 2021, Cecilian Partners, LLC merged into a Pennsylvania corporation, Cecilian Partners, Inc. ("Cecilian"). The investors accepted corporate shares through the Carta platform, and John Cecilian became Cecilian's Chief Executive Officer and a member of its Board of Directors.

16. On December 31, 2019, John Cecilian and Dr. Decker executed a Side Letter in connection with Company Fifteen's investment. Paragraph 2 provided that the Class C Preferred

Units would not be diluted "to less than an aggregate 20% Percentage Interest," and Paragraph 4 provided that Dr. Decker's equity interest would continue through entity transformations. In June and July 2022, Cecilian's Board sought and obtained the written consent of holders of approximately 75.8% of the outstanding preferred shares to end class-level non-dilution practices; Company Fifteen and Webster refused to execute the consent. Company Fifteen and Webster later asserted that the Side Letter guaranteed a combined perpetual non-dilutable 7.5% interest in Cecilian and its successors, which Cecilian and John Cecilian dispute.

17. On September 8, 2023, Cecilian's Board and approximately 93% of its stockholders approved the Company's domestication from Pennsylvania to Delaware and adoption of a Restated Delaware Certificate of Incorporation. Cecilian filed an Amended Certificate of Incorporation with the Delaware Secretary of State on September 11, 2023. The transaction was undertaken in connection with a Series B financing involving approximately $12.7 million in new capital from Resolve Growth Partners I, L.P.; afterward, Company Fifteen's and Webster's combined ownership was approximately 2.998%.

**B. The Policies and Their Claims-Made-and-Reported Conditions**

18. On or about September 27, 2022, Clear Blue issued to Cecilian the 2022-2023 Policy, Management Liability Insurance Policy No. AX01-5472-01, providing Directors & Officers ("D&O") Coverage for the Policy Period of September 27, 2022 to September 27, 2023. The 2022-2023 Policy provided aggregate limits of liability of $1,000,000.

19. On or about October 27, 2023, Clear Blue issued Cecilian Management Liability Insurance Policy No. AX01-5472-02 (the "2023-2024 Policy"), providing D&O Coverage for the Policy Period of October 27, 2023 to October 27, 2024. The 2023-2024 Policy provided aggregate limits of liability of $1,000,000.

20. Both Policies are **claims-made-and-reported** policies. Coverage is available only for Claims first made against an insured during the applicable Policy Period *and* reported to Clear Blue within the time and in the manner prescribed by the Policies. The Policies define "Claim" to include, *inter alia*, a "written demand for monetary, non-monetary, or injunctive relief" and a "written request to toll or waive a statute of limitations." They define "Wrongful Act" to include an actual or alleged act, error, omission, misstatement, misleading statement, neglect, or breach of duty by a "Team Member" or the "Insured Organization," and define "Team Member" to include "Executives." At all relevant times, John Cecilian was an Executive and Team Member under the Policies.

21. Section VI of the General Terms and Conditions provides that all Claims arising from the same Wrongful Act or Related Wrongful Acts are deemed a "Single Claim" that is "first made on the date the earliest such Claim was first made."

22. Section IX(A) of the General Terms and Conditions establishes the notice-and-reporting condition precedent to coverage: "*As a condition precedent to coverage, the Insured shall give us written notice of any Claim made against the Insured as soon as practicable after the Chief Executive Officer or functionally equivalent first learns of such Claim, but in no event later than (i) ninety (90) days after the expiration of the Policy Period.*"

23. Section IX(B) of the General Terms and Conditions contains a material-prejudice savings clause that applies exclusively to the "as soon as practicable" element of the notice obligation: "*If the Insured fails to provide notice of a Claim as soon as practicable as required by this Policy, we will not constitute it as a coverage defense with respect to such Claim unless we establish we are materially prejudiced by such failure.*" By its plain terms, Section IX(B) does not

reference, modify, or extend the separate ninety-day outer reporting deadline established in Section IX(A).

24. Section IX(D) of the General Terms and Conditions permits an insured to report, during the Policy Period, a Wrongful Act or circumstances that could give rise to a Claim, thereby deeming a subsequent Claim to have been first made when Clear Blue received that notice. Neither Cecilian nor John Cecilian submitted a notice of circumstances during the Policy Period of either Policy.

**C. The Claim-Reporting Timeline**

25. On September 11, 2023, the same day Cecilian filed its Amended Certificate of Incorporation, Henry Massey of Day Pitney LLP, counsel for Company Fifteen and Webster, sent a comprehensive written demand letter to Cecilian's counsel (the "September 11 Demand"). The September 11 Demand asserted a combined perpetual non-dilutable 7.5% interest, alleged "intentional misrepresentation" by Cecilian and its management, demanded books and records under 8 Del. C. § 220, proposed mediation, and imposed a litigation hold. The September 11 Demand therefore constitutes a "Claim" because it was a written demand for monetary and non-monetary relief arising from alleged Wrongful Acts. The Claim was made during the 2022-2023 Policy's Policy Period and before the 2023-2024 Policy incepted.

26. On September 26, 2023, counsel for Company Fifteen and Webster forwarded the September 11 Demand to counsel for Cecilian's founders individually, extending the demand to the founders in their personal capacities.

27. The 2022-2023 Policy expired on September 27, 2023.

28. On October 5, 2023, Cecilian, through its counsel, responded to the September 11 Demand and disputed the asserted individualized perpetual non-dilution rights. On October 9,

2023, Cecilian responded to nine information and document requests from Exhibit C to the September 11 Demand and even confirmed the existence of Cecilian's D&O insurance.

29. The 2023-2024 Policy incepted on October 27, 2023. The 2022-2023 Policy's ninety-day outer reporting deadline under Section IX(A) expired on or about December 26, 2023. No notice of the September 11 Demand was provided to Clear Blue by that deadline, and neither Cecilian nor John Cecilian submitted a notice of circumstances under Section IX(D) during the Policy Period or Extended Reporting Period.

30. On January 23, 2025, successor counsel for Company Fifteen and Webster, Fox Rothschild LLP, proposed either a tolling agreement or formal recognition of a 7.5% non-dilutable stake. The 2023-2024 Policy's ninety-day reporting window, measured from its October 27, 2024 expiration, expired on or about January 25, 2025 without notice of the Claim or a notice of circumstances. On January 30, 2025, the parties executed a Tolling Agreement providing a one-year toll on applicable statutes of limitations from January 30, 2025 to January 30, 2026, and containing no admission of liability. The Tolling Agreement is specifically included in the definition of a "Claim." Pursuant to Section VI of the General Terms and Conditions of the Policies, the Tolling Agreement is considered a Related Claim deemed part of the Single Claim first made on September 11, 2023.

31. Upon information and belief, in or around April 2025, Cecilian and John Cecilian participated in a mediation with Company Fifteen and Webster. Clear Blue was given no notice of, and was not invited to participate in, this mediation. Upon information and belief, the mediation was unsuccessful.

32. Finally, on November 20, 2025 – more than two years after the September 11 Demand when the Claim was first made, more than approximately twenty-three months after the

2022-2023 Policy's ninety-day deadline and more than six (6) months post unsuccessful mediation – Cecilian's counsel sent a letter to Clear Blue on behalf of Cecilian and John Cecilian purporting to provide formal notice of a "claim, potential claim, or coverage event," referenced Policy No. AX01-5472-01, and requested acknowledgment across "every policy period."

33. On December 2, 2025, Sedgwick Claims Management Services ("Sedgwick"), acting as third-party administrator for Clear Blue, acknowledged receipt of the notice under Claim No. 2024803980 and requested Defendants' cooperation in the coverage investigation.

**D. The Underlying Litigation's Conclusion**

34. On May 29, 2025, Cecilian filed a Verified Complaint for Declaratory Relief in the Delaware Court of Chancery, C.A. No. 2025-0598-BWD, concerning whether the Series A Preferred Stock carried anti-dilution rights. Company Fifteen and Webster later filed an answer, affirmative defenses, and amended counterclaim asserting breach of contract based on the Side Letter. The parties briefed cross-motions for summary judgment, and the Court heard oral argument on February 23, 2026.

35. On March 17, 2026, Vice Chancellor Bonnie W. David issued a Memorandum Opinion granting summary judgment in favor of Cecilian and John Cecilian on all claims and counterclaims. On March 24, 2026, the Court entered an Order and Final Judgment declaring that the Series A Preferred Stock did not carry anti-dilution rights. On April 9, 2026, the parties executed a Resolution Agreement under which Company Fifteen and Webster agreed not to appeal, each side agreed to bear its own fees and costs, and no party admitted liability or agreed to indemnify another party.

36. Clear Blue declined coverage on January 23, 2026, before the Delaware Court of Chancery issued its decision. The subsequent favorable outcome of that litigation does not alter Clear Blue's coverage position.

**E. The Coverage Denial and Defendants' Demand**

37. On January 23, 2026, Clear Blue issued a formal coverage denial letter. The letter explained that the September 11 Demand was not reported until November 20, 2025 – more than two years after it was first made and approximately twenty-three months after the expiration of the ninety-day reporting deadline under Section IX(A) of the General Terms and Conditions. It further explained that Section IX(B)'s material-prejudice savings clause applies only to failures to provide notice "as soon as practicable" and does not extend to the ninety-day outer reporting deadline, and that the Claim was first made before the 2023-2024 Policy incepted.

38. On February 10, 2026, Cecilian, through its counsel, emailed Clear Blue's counsel disputing the denial. Cecilian argued that Section IX(B)'s material-prejudice savings clause applies broadly to the entire notice condition, including the ninety-day deadline, and contended that Clear Blue had identified no material prejudice from the late reporting.

39. On June 18, 2026, Cecilian issued a formal demand letter to Clear Blue and demanded withdrawal of the coverage denial, acknowledgment of coverage under the Policies, reimbursement of $505,104.82 in defense costs incurred in the Delaware litigation, and confirmation of payment within twenty days. It threatened claims for breach of contract, declaratory relief, bad-faith remedies, consequential damages, interest, and attorney's fees, and referenced notice to Zurich regarding a potentially relevant additional policy period.

40. Clear Blue disputes Defendants' claims and seeks a judicial declaration of the parties' rights and obligations under the Policies.

## COUNT I

### Declaratory Judgment—No Coverage Due to Late Reporting Under AX01-5472-01

41. Clear Blue incorporates by reference the allegations in all preceding paragraphs as if fully set forth herein.

42. The September 11 Demand constitutes a "Claim" as defined in the 2022-2023 Policy.

43. The Claim was first made on September 11, 2023, during the Policy Period of the 2022-2023 Policy.

44. The 2022-2023 Policy expired on September 27, 2023. Under Section IX(A) of the General Terms and Conditions, the insured was required to report the Claim to Clear Blue "in no event later than ninety (90) days after the expiration of the Policy Period", or on or before approximately December 26, 2023.

45. John Cecilian, Cecilian's Chief Executive Officer, was aware of the September 11 Demand when it was made. Defendants' counsel responded to the Claim on October 5 and October 9, 2023.

46. Despite actual knowledge of the Claim during the Policy Period, Defendants did not report the Claim to Clear Blue until November 20, 2025, approximately twenty-three months after the ninety-day reporting deadline expired.

47. Defendants did not submit any notice of circumstances under Section IX(D) during the Policy Period or the Extended Reporting Period of the 2022-2023 Policy.

48. Section IX(A) requires timely notice "as a condition precedent to coverage." The ninety-day outer reporting deadline is an independent, unqualified condition that is not subject to the material-prejudice savings clause in Section IX(B).

49. Section IX(B), by its plain text, applies only to failures to provide notice "as soon as practicable as required by this Policy." It does not reference, modify, or extend the ninety-day outer reporting deadline in Section IX(A).

50. Pennsylvania law enforces claims-made-and-reported policy deadlines as written. A failure to comply with the reporting deadline is a complete bar to coverage.

51. Accordingly, Clear Blue is entitled to a declaration that no coverage is available under Policy No. AX01-5472-01, the 2022-2023 Policy, because the Claim was not reported within ninety days after the expiration of the Policy Period as required by the plain language of Section IX(A) of the General Terms and Conditions.

52. Clear Blue is further entitled to a declaration that the material-prejudice savings clause in Section IX(B) applies only to failures to provide notice "as soon as practicable" and does not extend to the ninety-day outer reporting deadline.

**COUNT II**

**Declaratory Judgment—No Coverage Under AX01-5472-02 (Pre-Inception Claim)**

53. Clear Blue incorporates by reference the allegations in all preceding paragraphs as if fully set forth herein.

54. The 2023-2024 Policy incepted on October 27, 2023, and expired on October 27, 2024.

55. The Claim was first made on September 11, 2023—more than six weeks **before** the inception of the 2023-2024 Policy.

56. All subsequent demands, correspondence, tolling agreements, and litigation arising from the same Wrongful Acts constitute Related Claims under Section VI of the General Terms

and Conditions. They are deemed a Single Claim first made on September 11, 2023, the date the earliest Claim was first made.

57. Because the Claim was not "first made during the Policy Period" of the 2023-2024 Policy, no coverage is available under the 2023-2024 Policy.

58. Accordingly, Clear Blue is entitled to a declaration that no coverage is available under Policy No. AX01-5472-02 because the Claim was first made before the inception of the 2023-2024 Policy.

**COUNT III**

**Declaratory Judgment—No Obligation to Pay Defense Costs**

59. Clear Blue incorporates by reference the allegations in all preceding paragraphs as if fully set forth herein.

60. Defendants demand that Clear Blue reimburse $505,104.82 in defense costs incurred in the Delaware litigation.

61. The claims-made-and-reported conditions precedent were not satisfied under either of the Policies. Under the 2022-2023 Policy, the Claim was not reported within the ninety-day deadline. Under the 2023-2024 Policy, the Claim was first made before inception.

62. Because no coverage is available under either of the Policies, Clear Blue has no obligation to pay the $505,104.82 in defense costs or any other amounts demanded by Defendants.

63. The favorable outcome of the Delaware litigation does not cure Defendants' failure to satisfy the reporting conditions precedent to coverage.

64. Accordingly, Clear Blue is entitled to a declaration that it has no obligation to reimburse defense costs or any other amounts demanded by Defendants.

## RESERVATION OF RIGHTS

65. Clear Blue's position that no coverage is available for the reasons set forth in Counts I through III is without waiver of any other rights, and Clear Blue expressly reserves the right to assert any additional policy exclusions, conditions, or defenses that may become applicable as its investigation continues.

66. Such additional defenses may include, without limitation, the Insured vs. Insured exclusion, the Contractual Liability exclusion, the Personal Profit and Illegal Conduct exclusion, the Prior or Pending Litigation date provision, the cooperation condition, and any other exclusion, term or condition that are set forth in either of the Policies.

67. Further investigation by Clear Blue may reveal additional facts or circumstances supporting the application of one or more policy exclusions or conditions not currently relied upon by Clear Blue.

68. Clear Blue reserves the right to seek leave to amend this Complaint to assert any such additional grounds for declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Clear Blue Specialty Insurance Company respectfully requests that this Court enter judgment in its favor and against Defendants Cecilian Partners, Inc. and John D. Cecilian, Jr. and grant the following relief:

(a) A declaration that coverage is not available under Policy No. AX01-5472-01 because the Claim was not reported within ninety (90) days after the expiration of the Policy Period as required by Section IX(A) of the General Terms and Conditions;

(b) A declaration that the material-prejudice savings clause in Section IX(B) of the General Terms and Conditions applies only to failures to provide notice “as soon as practicable” and does not extend to the ninety-day outer reporting deadline in Section IX(A);

(c) A declaration that coverage is not available under Policy No. AX01-5472-02 because the Claim was first made before the inception of that Policy Period;

(d) A declaration that Clear Blue has no obligation to reimburse the $505,104.82 in defense costs or any other amounts demanded by Defendants;

(e) Such other and further relief as this Court deems just and proper; and

(f) Costs of suit.

**JURY TRIAL DEMAND**

Plaintiff Clear Blue Specialty Insurance Company hereby demands a trial by jury on all issues so triable in this action.

Dated: October 19, 2026

Respectfully submitted,

*/s/ Maura L. Burke*

Maura L. Burke
(PA. Bar No.308222)
**PIERSON FERDINAND LLP**
1650 Market Street, Floor 36
Philadelphia, PA 19103
Tel: (267) 702-3912
Email: maura.burke@pierferd.com

Howard E. Panensky, Esq.
(pro hac vice forthcoming)
**PIERSON FERDINAND LLP**
1270 Avenue of the Americas, 7th Floor
New York, New York 10020
Telephone: 551-298-5043
Email: howard.panensky@pierferd.com

*Attorneys for Plaintiff Clear Blue Specialty Insurance Company*